Filed 5/19/16  P. v. McKinney CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B269397 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA021728) |
| v. | |
| ALONZO MCKINNEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Alan Honeycutt, Judge.  Affirmed.

Law Offices of Elizabeth K. Horowitz, Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Alonzo McKinney (defendant) appealed from an order denying his petition for resentencing under Penal Code section 1170.18.[1]  On appeal, defendant's appointed counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting that this court conduct an independent review of the record to determine if there are any arguable appellate issues.  On April 8, 2016, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief any arguments he wished this court to consider.  Defendant filed a supplemental brief in which he contends that his alleged felony conviction under section 487.2 should be reduced to a misdemeanor or the matter remanded to the trial court for resentencing.  We have reviewed the record and affirm the order.

# BACKGROUND[2]

In September 2015, defendant filed a petition for resentencing pursuant to section 1170.18,[3] seeking resentencing with respect to his alleged 1994 felony conviction under section 487.2.  The trial court denied the petition, stating "[t]he court records are

---

[1]      All statutory citations are to the Penal Code unless otherwise noted.

[2]      We omit a recitation of the facts concerning defendant's underlying offense because defendant's appeal is from an order denying a post-judgment petition for resentencing.

[3]      Section 1170.18, subdivision (a) provides, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

incomplete and do not show the charge the defendant was convicted of in 1994. Burden is on the petitioner/defendant."

On appeal, we took judicial notice of the microfilm records of the trial court file, according to which in November 1994 the District Attorney of Los Angeles County filed an information charging defendant with one count of second degree robbery in violation of section 211, and related charges. Those records indicate that defendant was not convicted in the underlying case. They contain signed and filed verdict forms stating that defendant was found not guilty of second degree robbery (count 1), and grand theft person in violation of section 487.2, the necessary included offense of count 1. Defendant was acquitted.[4] The microfilm records include a filed but *unsigned* verdict form concerning "Grand Theft Person, a felony, in violation of . . . Section 487.2, a lesser necessarily included offense than that as charged in Count [1] of the information," and defendant's supplemental brief relies upon this unsigned verdict form.

## DISCUSSION

### A. Grand Theft Person

Defendant contends that because he was convicted of, and sentenced for, the felony of grand theft person in violation of section 487.2, that crime should be reduced to a misdemeanor or the matter should be remanded to the trial court for resentencing. We disagree. Defendant was found not guilty of the charges asserted against him, including the lesser included offense of grand theft person in violation of section 487.2, and was acquitted. Defendant has not established that the trial court erred in denying his petition.

---

**4** We take judicial notice of an abstract of judgment in Los Angeles Superior Court case number BA140260, filed on November 4, 1997, reflecting that in 1997, shortly after his acquittal in the underlying case, defendant was convicted of assault on an officer in a violation section 245(c) and resisting an executive officer in a violation of section 69 and sentenced to state prison for a term of 25 years to life with the possibility of parole.

3

**B.    Review**

In addition to reviewing the matters raised in defendant's supplemental brief, we have made an independent examination of the entire record to determine if there are any other arguable issues on appeal.  Based on that review, we have determined that there are no other arguable issues on appeal.  We are therefore satisfied that defendant's counsel has fully complied with her responsibilities under *Wende*, *supra*, 25 Cal.3d 436.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

RAPHAEL J.<sup>∗</sup>

We concur:

TURNER, P.J.

KRIEGLER, J.

---

<sup>∗</sup> Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.